IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 09-cr-00383-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    ROBERT B. KNOWLTON,

    Defendant.

**MOTION TO SUPPRESS EVIDENCE UNLAWFULLY SEIZED OR OBTAINED BY LAW ENFORCEMENT OFFICIALS AND FOR RETURN OF PROPERTY**

    Defendant, Robert B. Knowlton, through his attorney, Jeffrey S. Pagliuca, pursuant to Fed. R. Crim. P. 12(b)(2), Fed R. Crim. P. 41(g) and (h) and the Fourth Amendment to the United States Constitution, respectfully moves this Court for the entry of an Order suppressing all evidence seized or obtained by law enforcement officials in connection with the search conducted on June 11, 2009 at a residence with the address of 1602 Dolores Street, Grand Junction, Colorado on the ground that the search was based on information that was too stale to support a valid warrant. Mr. Knowlton requests that the property seized be returned to him because the items seized are not contraband and were inappropriately taken by the government. As further grounds for this Motion, Mr. Knowlton states:

    1.    According to the government's Affidavit in Support of Search Warrant, attached hereto as Exhibit A ("Affidavit"), the FBI and the Bureau of Land Management ("BLM") began an undercover operation targeted at Mr. Knowlton in July 2008. On July 17, 2008 and November 12, 2008, two meetings occurred between a government informant and Mr. Knowlton

at Mr. Knowlton's mobile home in Ft. Collins, Colorado. (Aff. ¶¶ 18, 22, 33.)[1] The government's informant claims to have seen artifacts and a computer in Mr. Knowlton's Ft. Collins mobile home during these two meetings. (Aff. ¶¶ 3, 22-24, 28-29, 33, 35, 43.)

2. Thereafter, seven months passed after the informant saw these items at the Ft. Collins residence before the government initially applied for a warrant on June 8, 2009 to search the mobile home. (Aff. ¶ 47-48.)

3. On June 9, 2009, the government discovered that Mr. Knowlton no longer lived in the Ft. Collins mobile home. (Aff. ¶ 50.) The government obtained information that Mr. Knowlton's new address was 1602 Dolores Street, Grand Junction, Colorado, which, according to the government's investigation, was a residence owned by an Allen Crim. (*Id*.)

4. An Affidavit in support of a warrant to search the Grand Junction residence was sworn before Magistrate Boland on June 10, 2009, and the warrant was executed on June 11, 2009. The Affidavit depended largely on information about the informant's meetings with Mr. Knowlton during July and November 2008, obtained long before the June 2009 search occurred.

5. The lengthy delay between the application for the warrant to search the Grand Junction residence and the two meetings the informant had with Knowlton in Ft. Collins rendered the information in the Affidavit too stale to establish probable cause for the requested search of the Grand Junction home, particularly since the warrant for the search was based on evidence viewed at the Ft. Collins location. Under these circumstances, the evidence seized at the Grand Junction location must be suppressed.

6. A search warrant may issue upon probable cause to believe that particular items sought will be found at a certain place. *See United States v. Roach*, 582 F.3d 1192, 1200 (10th

---

[1] For purposes of this Motion only, Mr. Knowlton will presume the statements made in the Affidavit are true.

Cir. Sept. 21, 2009). "Probable cause to search cannot be based on stale information that no longer suggests that the items sought will be found in the place to be searched." *Id*. at 1201 (internal quotation marks, alteration and citation omitted). Nor can the court base its probable cause determination on a compilation of hunches. *See id*. at 1200.

7. Thus, the government in this case was obligated to demonstrate for the court the likelihood of finding the items sought at the Grand Junction residence. It could not do that since the government's informant had only seen the items at the Ft. Collins residence. *See id.* ("The affidavit must show a nexus between suspected criminal activity and the place to be searched.") (internal quotation marks, ellipses and citation omitted).

8. On June 9, 2009, the government received information from its informant that the informant talked to Mr. Knowlton on June 9, 2009 and that Mr. Knowlton had stated he was in possession of most of his artifacts. (Aff. ¶ 51.) Glaringly absent from the Affidavit, however, is any information indicating that the artifacts were specifically located at the Grand Junction residence. For that matter, there is no information indicating that any of the items described in the search warrant application were located at the Grand Junction home of Mr. Allen Crim. The informant upon whom the government relied never visited Mr. Knowlton at the Grand Junction residence to verify that point before the warrant issued and so had never seen any of the items described in the warrant at that location.

9. Thus, the search that was executed on June 11, 2009 was based on stale information about artifacts and computer equipment that had been located in a Ft. Collins mobile home during meetings in July and November of 2008. Any probable cause that may have existed to search the Ft. Collins residence for these items after those meetings occurred had long since dissipated with the passage of seven months time and evidence that Mr. Knowlton had

moved to an impermanent address in Grand Junction. There was a complete absence of information in the Affidavit to suggest probable cause that the items the informant had seen in Ft. Collins would be located at the Grand Junction residence that belonged to someone other than Mr. Knowlton.

10. The very fact of Mr. Knowlton's move from a mobile home in Ft. Collins to a home in Grand Junction belonging to someone else demonstrates that the nature of his artifact collection was such that it was readily mobile and not likely to remain in one place for a long time. This fact of easy mobility and absence of a permanent location weighs heavily in favor of the conclusion that the information in the government's Affidavit was impermissibly stale and, therefore, could not support a probable cause determination for the June 10, 2009 warrant. *See Roach*, 582 F.3d at 1202 ("firearm and drug trafficking are not the sorts of crimes whose evidence is likely to remain stationary" for a long time); *United States v. Neal*, 500 F.2d 305, 309 (10th Cir. 1974) (three-month delay since the information concerning whereabouts of evidence of stolen vehicle trafficking operation was too remote to support probable cause for search because the property sought was removable from the premises).

11. "The Fourth Amendment contemplates that probable cause for the issuance of a search warrant must exist at the time the search is sought to be made." *Neal*, 500 F.2d at 309. Here, the remoteness of the information about the location of evidence at the Ft. Collins mobile home could not support the issuance of a valid warrant to search the Grand Junction residence belonging to someone other than Mr. Knowlton.

12. Numerous items of personal property were seized by the government during the search including collections of arrowheads and other items legally acquired by Mr. Knowlton

4

over many years. This property is not evidence, is not contraband and should be returned to Mr. Knowlton.

WHEREFORE, Mr. Knowlton respectfully requests that this Court suppress at the trial of this matter all evidence seized or obtained unlawfully from him by government agents and return all property that is not contraband.

DATED: December 14, 2009.

Respectfully submitted,

s/Jeffrey S. Pagliuca
Jeffrey S. Pagliuca
150 East 10th Avenue
Denver, CO 80203
Telephone: (303) 831-7364
Facsimile: (303) 832-2628
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2009, I electronically filed the foregoing **MOTION TO SUPPRESS EVIDENCE UNLAWFULLY SEIZED OR OBTAINED BY LAW ENFORCEMENT OFFICIALS AND FOR RETURN OF PROPERTY** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Robert E. Mydans
Assistant United States Attorney
Bob.Mydans@usdoj.gov

s/Angela Duran