IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 09-cr-00383-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    ROBERT B. KNOWLTON,

    Defendant.

---

**MOTION TO EXCLUDE EVIDENCE PURSUANT TO F.R.E. 404(b)**

---

    The Defendant, Robert B. Knowlton, by and through undersigned counsel, requests that the Court enter an order prohibiting the government from introducing evidence at trial relating to alleged misdemeanor possession of feathers from various birds. In support of this motion, Defendant states:

    1.    Discovery provided in this case reflects that during the search of Mr. Knowlton's automobile on June 11, 2009 feathers from an eagle, a hawk, and an owl were recovered by government agents. Unlawful possession of these feathers may violate 16 U.S.C.§§ 668, 703, and 707. Mr. Knowlton has not been charged with any offenses related to these items.

    2.    Rule 404(b) of the Federal Rules of Evidence provides that evidence of a defendant's prior bad acts "is not admissible to prove the character of a person in order to show action in conformity therewith," but it may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

3.  As noted in *United States v. Hardwell*, 80 F.3d 1471, 1488 (10th Cir.1996), "There are four requirements for admissibility under 404(b). The evidence of other crimes, wrongs or acts must be introduced for a proper purpose, must be relevant, must have probative value that is not substantially outweighed by the potential for unfair prejudice; and, on request, the trial court must give a jury instruction limiting the evidence to the proper purpose." In addition, "the government must precisely articulate the purpose for which the evidence is offered, and the trial court must specifically identify the purpose for which it is admitted." *Id*.

4.  No legitimate reason exists to introduce evidence of alleged illegal possession of various bird feathers purportedly found in Mr. Knowlton's automobile. Introduction of this evidence is unduly prejudicial and has no probative value in the context of this case.

**WHEREFORE**, Defendant requests that the Court enter an order prohibiting the Government from introducing evidence related to the alleged illegal possession of bird feathers.

DATED: December 14, 2009

Respectfully submitted,

s/Jeffrey S. Pagliuca
Jeffrey S. Pagliuca
150 East 10th Avenue
Denver, CO 80203
Telephone: (303) 831-7364
Facsimile: (303) 832-2628
*ATTORNEY FOR DEFENDANT*

3

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2009, I electronically filed the foregoing **MOTION TO EXCLUDE EVIDENCE PURSUANT TO F.R.E. 404(b)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Robert E. Mydans
Assistant United States Attorney
Bob.Mydans@usdoj.gov

                                       s/Angela Duran
                                       Angela Duran