IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 09-cr-00383-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    ROBERT B. KNOWLTON,

    Defendant.

## MOTION TO SUPPRESS STATEMENT

Defendant, Robert Knowlton, through his attorney, Jeffrey Pagliuca, requests that the Court enter an order excluding from trial any statement made by Mr. Knowlton on June 11, 2009 and any evidence derived from the statement for the following reasons:

### Introduction

On June 11, 2009 Government agents conducted an interrogation of the Defendant, Robert Knowlton, at his home, 1602 Dolores St., Grand Junction, Colorado contemporaneous with the execution of a search warrant. The interrogation began at approximately 11:00 am and ended at approximately 6:19 pm.

Initially, Mr. Knowlton was advised of his right to consult with an attorney and right to remain silent. He indicated a desire to consult with his lawyer prior to being interrogated or giving consent to the search of his vehicle.

Mr. Knowlton's cellular telephone had been confiscated by the government agents as part of the search. Accordingly, Mr. Knowlton was unable to use his own telephone to call his lawyer. Instead, he was provided with a cell phone by the agents. Mr. Knowlton unsuccessfully attempted to reach his lawyer by phone. Although Mr. Knowlton had expressed a desire to consult with his attorney prior to any questioning the agents proceeded to ask questions, apparently for 7 hours.

Mr. Knowlton's request to speak with his lawyer was a clear invocation of his right to counsel prior to being questioned by the agents. Because the statement was obtained in violation of Mr. Knowlton's Fifth and Sixth Amendment constitutional rights it, along with all evidence derived from the statement, should be excluded from evidence in any trial in this matter.

## Argument

### The Questioning Violated Mr. Knowlton's Fifth Amendment Rights

Invocation of an accused's Fifth Amendment right to have counsel present at questioning requires, "at a minimum, some statement that can reasonably be construed to be expression of a desire for the assistance of an attorney in dealing with custodial interrogation by the police." *McNeil v. Wisconsin,* 501 U.S. 171, 178 (1991).

In *McNeil, supra*, the Supreme Court noted that:

> In *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), we established a second layer of prophylaxis for the *Miranda* right to counsel: Once a suspect asserts the right, not only must the current interrogation cease, but he may not be approached for further interrogation "until counsel has been made available to him," 451 U.S., at 484-485, 101 S.Ct., at 1884-1885-which means, we have most recently held, that counsel must be present, *Minnick v.*

2

> *Mississippi*, 498 U.S. 146, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990). If the police do subsequently initiate an encounter in the absence of counsel (assuming there has been no break in custody), the suspect's statements are presumed involuntary and therefore inadmissible as substantive evidence at trial, even where the suspect executes a waiver and his statements would be considered voluntary under traditional standards. This is "designed to prevent police from badgering a defendant into waiving his previously asserted *Miranda* rights," *Michigan v. Harvey*, 494 U.S. 344, 350, 110 S.Ct. 1176, 1180, 108 L.Ed.2d 293 (1990). The *Edwards* rule, moreover, is not offense specific: Once a suspect invokes the *Miranda* right to counsel for interrogation regarding one offense, he may not be reapproached regarding any offense unless counsel is present. *Arizona v. Roberson*, 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988).

Mr. Knowlton requested that he be allowed to consult with a lawyer. The agents understood this request and provided a phone to contact his lawyer. Once Mr. Knowlton asked for a lawyer the government was required to refrain from any further questioning.

The Government may attempt to argue that because the questioning occurred at Mr. Knowlton's home and not in a police facility, he was not in "custody" and no *Miranda* rights were available. A similar argument was rejected by the Tenth Circuit Court of Appeals in *United States v. Bautista*, 145 F.3d 1140 (10th Cir. 1998). (Law enforcement officers are not free to give Miranda warnings and then ignore a suspect's attempt to invoke any right thereunder on the ground that the suspect is not in custody.)

**WHEREFORE**, Defendant requests that the Court enter an order prohibiting the government from introducing Mr. Knowlton's statement or any evidence derived from the statement, in its case in chief at trial.

DATED: December 14, 2009.

Respectfully submitted,

s/Jeffrey S. Pagliuca
Jeffrey S. Pagliuca
150 East 10th Avenue
Denver, CO 80203
Telephone: (303) 831-7364
Facsimile: (303) 832-2628
*ATTORNEY FOR DEFENDANT*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2009, I electronically filed the foregoing **MOTION TO SUPPRESS STATEMENT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Robert E. Mydans
Assistant United States Attorney
Bob.Mydans@usdoj.gov

s/Angela Duran