IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 09-cr-00383-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    ROBERT B. KNOWLTON,

    Defendant.

---

**MOTION TO DISMISS COUNTS ONE THROUGH FOUR OF THE INDICTMENT**

---

Defendant, Robert B. Knowlton, through his attorney, Jeffrey S. Pagliuca, respectfully moves this Court pursuant to Fed. R. Crim. P. 12(b)(2), and the Fifth and Sixth Amendments of the United States Constitution, for the entry of an Order dismissing Counts One through Four of the Indictment on grounds that the statute on which these counts are based, 16 U.S.C. § 470ee(b)(2) of the Archaeological Resources Protection Act ("ARPA"), is unconstitutional as applied. In further support of this Motion, Mr. Knowlton states as follows:

**Introduction**

Counts One through Four of the Indictment accuse Mr. Knowlton of violating 16 U.S.C. § 470ee(b)(2) of the ARPA. These charges are based on allegations that on or about July 17, 2008, in Colorado, Mr. Knowlton sold three items to a government

informant that the government claims are "archaeological resources": a cloud blower pipe, a Midland point, and a Hell Gap knife. The Indictment further claims that the three artifacts were removed from public lands in violation of Federal law.

Section 470ee(b)(2) criminalizes the trafficking in archaeological resources and provides that:

> [n]o person may sell, purchase, exchange, transport, receive, or offer to sell, purchase, or exchange any archaeological resource if such resource was excavated or removed from public lands or Indian lands in violation of . . . any provision, rule, regulation, ordinance, or permit in effect under any other provision of Federal law.

16 U.S.C. § 470ee(b)(2). Section 470ee sets forth a "knowing" *mens rea* for the prohibited acts listed therein, but it does so in a separate subsection (d), which provides:

> Any person who knowingly violates, or counsels, procures, solicits, or employs any other person to violate, any prohibition contained in subsection (a), (b), or (c) of this section shall, upon conviction, be fined not more than $10,000 or imprisoned not more than one year, or both: *Provided, however*, That if the commercial or archaeological value of the archaeological resources involved and the cost of restoration and repair of such resources exceeds the sum of $500, such person shall be fined not more than $20,000 or imprisoned not more than two years, or both. In the case of a second or subsequent such violation upon conviction such person shall be fined not more than $100,000, or imprisoned not more than five years, or both.

The Indictment charges that Mr. Knowlton knowingly sold or transported archaeological resources. It does not claim that he knew the resources sold were removed illegally from public lands. The statute, as applied in this case, fails to provide fair warning that a collector of artifacts can be subjected to criminal charges for merely selling archaeological resources even though the collector has no knowledge as to the location from which the resources were removed or whether they were removed illegally.

2

It is not clear from the statute that such simple artifact-selling conduct is criminal. Therefore, § 470ee(b)(2) is unconstitutionally vague as applied.

### Argument

"The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." *United States v. Harriss*, 347 U.S. 612, 617 (1954). "The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." *Id.*; *see also Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1972).

The Supreme Court has recognized "three related manifestations of the fair warning requirement":

> First, the vagueness doctrine bars enforcement of a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application. Second, . . . the canon of strict construction of criminal statutes, or rule of lenity, ensures fair warning by so resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered. Third, although clarity at the requisite level may be supplied by judicial gloss on an otherwise uncertain statute, due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope. In each of these guises, the touchstone is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal.

*United States v. Lanier*, 520 U.S. 259, 266 (1997) (internal quotations and citations omitted).

A vagueness challenge is based upon the fundamental due process principle that a statute must clearly define the conduct that it prohibits. *United States v. Reed*, 114 F.3d

1067, 1069-70 (10th Cir.1997) (citing *Grayned v. City of Rockford*, 408 U.S. 104, 108-09 (1972)). That principle serves several important values: "First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned*, 408 U.S. at 108. Second, "[a] vague law impermissibly delegates basic policy matters to policemen, judges, and juries for2 resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application." *Id*. at 108-09.

     Here, the statutes under which Mr. Knowlton are being prosecuted do not adequately advise someone in his position regarding what conduct is being prohibited. Mr. Knowlton is alleged to have sold or transported three items that were: (1) removed from public land; (2) in violation of Federal law. As charged, Mr. Knowlton apparently did not need to have actual knowledge that the items were in fact removed from Federal land, who removed them, how they were removed, or what Federal law was violated when the items were removed. The resources, in some cases, passed through many hands before they arrived in Mr. Knowlton's possession. Section 470ee(b)(2) fails to inform persons of common intelligence that the mere selling of archaeological resources is criminal. It is not clear from the statute that the simple act of selling archaeological resources without some other type of knowledge about their original location would constitute a crime. Accordingly, the statute is unconstitutional as applied to Mr. Knowlton's artifact-selling or transporting activities as charged in this case.

## Conclusion

For the above stated reasons Mr. Knowlton requests that the Court enter an order dismissing Counts One through Four of the indictment.

DATED: December 14, 2009.

Respectfully submitted,

s/Jeffrey S. Pagliuca
Jeffrey S. Pagliuca
150 East 10th Avenue
Denver, CO 80203
Telephone: (303) 831-7364
Facsimile: (303) 832-2628
*ATTORNEY FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2009, I electronically filed the foregoing **MOTION TO DISMISS COUNTS ONE THROUGH FOUR OF THE INDICTMENT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Robert E. Mydans
Assistant United States Attorney
Bob.Mydans@usdoj.gov

s/Angela Duran