IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 09-cr-00383-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. ROBERT B. KNOWLTON,

    Defendant.

---

GOVERNMENT RESPONSE TO DEFENDANT'S MOTION TO
SUPPRESS EVIDENCE UNLAWFULLY SEIZED OR
OBTAINED BY LAW ENFORCEMENT OFFICIALS
AND FOR RETURN OF PROPERTY

---

    The United States of America, by David M. Gaouette, United States Attorney and Robert E. Mydans, Assistant United States Attorney, files this response to the above-styled motion filed by the defendant.

    The defendant seeks an Order from this Court suppressing all evidence seized or obtained by law enforcement officials in connection with the search conducted on June 11, 2009 at a residence with address of 1602 Dolores Street, Grand Junction, Colorado on the ground that the search was based on information that was too stale to support a valid warrant. The defendant further requests that all such property seized be returned to him, because the items seized are not contraband and were inappropriately taken by the government.  The government responds as follows.

    The two undercover meetings between the informant and the defendant took

place on July 17, 2008 and November 12, 2008. Both were recorded on video with good quality audio. Both videos have been previously provided to defense counsel. Both meetings took place at the defendant's mobile home in Fort Collins. On July 17, 2008, the informant purchased eleven (11) items from the defendant for $8600 in government funds. These items were produced by the defendant from within the residence. A second meeting took place on November 12, 2008, again in the same Knowlton mobile home in Fort Collins, Colorado. During this meeting, numerous items were discussed and numerous items were shown to the informant. All such items came from within the residence. In the November meeting, the informant discussed purchasing the entire Knowlton collection. The defendant placed a retail value on the collection of a half million or a little more. While the defendant was in the business of buying and selling artifacts, he had maintained a collection in his mobile home residence from at least July, 2008 through the second meeting in November, 2008. It appears that individuals who buy, sell, trade, or transfer archeological resources refer to their items as a "collection." The Revised Edition of the Random House College Dictionary defines "collect" as "to gather together; assemble, to accumulate, to make a collection of."

    As indicated in the warrant, Special Agent David Moore appeared before United States Magistrate Judge Boland on June 8, 2009 for the purpose of obtaining a search warrant for the defendant's Fort Collins, Colorado mobile home. The warrant issued after review.

    In preparation for the execution of the warrant, Special Agent Moore on June 8, 2009 went to the public internet web site for Bob's Flint Shop to verify that defendant

Knowlton still lived at the Fort Collins, Colorado address. Only then was it discovered that there was a Grand Junction address of 1602 Dolores Street, Grand Junction, Colorado. Without reciting everything that was done to update the affidavit and the probable cause, that information is contained in paragraphs 48-52 of the affidavit. The government believes that the additional investigation that was conducted actually makes the warrant much stronger than it would otherwise be. The additional investigation revealed that: (1) the defendant's own web site indicated an address of 1602 Dolores Street, Grand Junction, (2) Knowlton was still listed as the contact and the phone number remained the same, (3) the web site said new listings were coming 6/10/2009, (4) a BLM agent from Grand Junction drove by the Dolores Street address and obtained two license plates, which both came back registered to the defendant, (5) an FBI Special Agent went to the Fort Collins, Colorado mobile home and learned that "Bob" had moved out several weeks before and that the resident of the mobile home thought "Bob" sold arrowheads, (6) a BLM Special Agent called the phone number associated with the defendant and on the web site and learned from an individual who called back that he was Bob Knowlton and that he had recently moved from Fort Collins to Grand Junction and gave the address of 1602 Dolores Street, Grand Junction, (7) Knowlton explained to the BLM Special Agent that he had artifacts that were inexpensive to expensive and that he hoped to have pictures of frames up on the web site by 6/12/2009, and (8) that the informant called the defendant on 6/9/2009 learning that he had moved to the 1602 Dolores Street address, that Knowlton was still in possession of "most... if not all" of the artifacts, that Knowlton was still interested in selling items, that Knowlton still had the frame referenced in paragraphs 33 and 35 of

the affidavit, and that his house was tan and green in color with a detached garage. A Special Agent drove by the 1602 Dolores Street address and confirmed that it is a tan and green single story ranch residence with a detached garage. Clearly, the information in the affidavit is not stale, but current as to the day before the search.

      Defendant complains that the information contained in the affidavit was stale. While timeliness is an important factor in the determination of probable cause, timeliness is not determined by counting the days or months between the facts relied on and the issuance of the warrant. United States v. Williams, 897 F.2d 1034, 1039 (10th Cir. 1990), cert. denied, 500 U.S. 937 (1991); United States v. Reyes, 798 F.2d 380, 382 (10th Cir. 1986). Rather, timeliness depends on the nature of the criminal activity, the length of the activity, and the nature of the property seized. Id. Thus, where an affidavit "recites facts indicating ongoing, continuous criminal activity, the passage of time becomes less critical." Williams, 897 F.2d at 1039 (quoting United States v. Shomo, 786 F.2d 981, 984 (10th Cir. 1986)). Similarly, where the property sought is likely to remain in one place (or with the same person) for a long time, probable cause may be found even though a substantial amount of time has passed between the occurrence of the event relied on and the issuance of the warrant. United States v. Shomo, 786 F.2d at 984. Information about criminal activity at an earlier time may be combined with more recent information to conclude that criminal activity is sufficiently close in time to the search warrant application. United States v. Maxim, 55 F.3d 394, 397 (8th Cir. 1995), cert. denied, 516 U.S. 903 (1995). "Staleness does not undermine the probable cause determination if the affidavit contains information that updates, substantiates, or corroborates the stale material." United States v. Bucuvalas, 970 F.2d

937, 940 (1st Cir. 1992), cert. denied, 507 U.S. 959 (1993).

When reviewing a magistrate's finding of probable cause to support the issuance of a search warrant, the district court (reviewing court) should accept the magistrate's findings unless they are clearly erroneous, viewing the evidence in the light most favorable to the government. However, in the end analysis, reasonableness under the Fourth Amendment is a question of law and is reviewed de novo under the totality of the circumstances. *United States v. Basham*, 268 F.3d 1199, 1203 (10th Cir. 2001), *United States v Green*, 178 F.3d 1099, 1104 (10th Cir. 1999). In determining whether a search warrant is supported by probable cause, the reviewing court (the district court) reviews the sufficiency of the affidavit upon which a warrant is issued by looking at the totality of the circumstances and ensuring "that the magistrate had a substantial basis for concluding that probable cause existed." *Basham*, supra. at 1203. In other words, this court, in reviewing the affidavit for probable cause, should look at only the same things the magistrate looked at to determine probable cause. In this case, only the affidavit. Because the reviewing analysis is a "four corners analysis", there should be no need to take evidence.

Whether information is stale depends on the nature of the crime and the length of the criminal activity. The analysis is not simply one that counts the number of days that have elapsed between the facts relied upon and the issuance of the warrant. *United States v. Myers*, 106 F.3d 936, 939 (10th Cir. 1997). The additional information and investigation concerning the new address made the warrant extremely current and the defendant's staleness argument is without merit.

It should be noted that agents were concerned that the warrant might not cover the vehicle, the detached garage, and the trailer on the property. The defendant signed a consent to search those three items. That written consent to search is attached as Attachment A. This issue was not addressed in the present motion.

WHEREFORE, the motion to suppress the search should be denied.


Respectfully submitted this 4th day of January, 2010.

        DAVID M. GAOUETTE
        United States Attorney


        s/__Robert E. Mydans_____
        Robert E. Mydans
        Assistant United States Attorney
        1225 17th Street, Suite 700
        Denver, CO 80202
        Phone: (303) 454-0100
        Fax: (303) 454-0402
        bob.mydans@usdoj.gov

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify on this 4th day of January, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Jeffrey S. Pagliuca**
Haddon, Morgan & Foreman, P.C.
Email: jpagliuca@hmflaw.com

                                                    s/__Deborah Sisung_____
                                                    Deborah Sisung
                                                    United States Attorney's Office
                                                    1225 17th Street, Suite 700
                                                    Denver, CO 80202
                                                    Phone: (303) 454-0100
                                                    Fax: (303) 454-0402
                                                    deborah.sisung@usdoj.gov