IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 09-cr-00383-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. ROBERT B. KNOWLTON,

    Defendant.

---

GOVERNMENT RESPONSE TO DEFENDANT'S MOTION FOR
PRESERVATION AND PRODUCTION OF GOVERNMENT NOTES

---

    The United States of America, by David M. Gaouette, United States Attorney and Robert E. Mydans, Assistant United States Attorney, files this response to the above-styled motion filed by the defendant.

    The defendant seeks an Order from this Court requiring the government to preserve for trial any notes taken by agents of interviews with persons who are or may be witnesses at trial.

    The government acknowledges its duty to disclose exculpatory or impeachment evidence if it exists and the government has reasonable access thereto. In an effort to comply with this duty, the government has provided the defendant with typed, finalized FBI agents' reports and BLM agent's reports which contain the statements of witnesses related to the present case. Despite this production, defendant Knowlton requests an Order directing the government to retain all rough interview notes taken by its agents

and representatives so that defense counsel can potentially use them during pre-trial hearings or trial. The government has directed agents working on the case to preserve their rough notes. The government agrees to review the notes that are presently available and determine if they contain exculpatory or impeachment evidence. If the notes contain such evidence, the government will turn them over to the defense. However, to the extent that defendant seeks unfettered access to agents' notes, the government opposes the defendant's request and states as follows.

### *Rough Notes Are Generally Not Discoverable.*

Courts have consistently held that agents are not required to produce or preserve handwritten notes if such notes have been incorporated into final reports. *United States v. Shovea,* 580 F.2d 1382, 1389-90 (10th Cir. 1978) (holding that court did not err in refusing to strike agent's testimony following revelation that his investigatory notes were destroyed after notes were incorporated into report, because report satisfied requirements of *Jencks* Act.) *See also United States v. Brown*, 303 F.3d 582, 592 (5th Cir. 2002) ("[n]othing in the Jencks Act requires that notes made in the course of an investigation be preserved after the notes have served their purpose of assisting in the preparation of interview reports."); *United States v. Hinton*, 719 F.2d 711, 717, 722 (4th Cir. 1983) (discussing this as holding of majority of circuits, including the Tenth).

Furthermore, Fed. R. Crim. P. 16(a)(2) specifically exempts from discovery "reports, memoranda or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Thus, to the extent that agents' notes contain their impressions

or interpretations of the evidence, they are not discoverable.  *See, e.g., United States v. Lane*, 574 F.2d 1019, 1022 (10th Cir. 1978) ("Notes of undercover activity may well contain impressionary matter involving diverse persons. We think it would be a judicial invasion into proper law enforcement to require the preservation of such notes and are convinced that to reverse this case as appellant urges at this late date would thwart justice."); *United States v. Rewald*, 889 F.2d 836, 867 (9th Cir. 1989), *modified on other grounds*, 902 F.2d 18 (9th Cir.1990) (reports that embody only the agent's "epitomization, interpretation, or impression of an interview are not producible.") Accordingly, to the extent that agents' notes have become part of a final report or contain their mental impressions, they will not be produced.

### *Agents' Notes Can Constitute Jencks Act Statements But Only If They Are a Substantially Verbatim Transcription of the Witness's Oral Statement and Are Recorded Contemporaneously With the Interview.*

Agents' notes may be producible after direct examination of a witness if they constitute "statements" of the witness under the *Jencks* Act.  *United States v. Smith*, 984 F.2d 1084, 1086 (10th Cir. 1993).  In order to be considered statements, however, they must be a substantially verbatim recital of a witness's oral statement and recorded contemporaneously with the interview.  *See* 18 U.S.C.  3500(e)(2); *Lane*, 574 F.2d at 1022;  *Smith*, 984 F.2d at 1086.  On the other hand, "[a] government agent's rough notes will not be Jencks Act statements when they are not complete, are truncated in nature, or have become an unsiftable mix of witness testimony, investigator's selections, interpretations, and interpolations." *United States v. Mincoff*, 574 F.3d 1186, 1200 (9th Cir. 2009) (quoting *United States v. Simtob,* 901 F.2d 799, 809 (9th Cir.1990).

*See also Palermo v. United States,* 360 U.S. 343, 350 (1958) (interview notes that were not the whole interview but rather a "substantial selection" of the interview were not covered under *Jencks*).

### *Agents' Notes Are Discoverable If They Have Been Adopted and Approved by the Witness.*

Agents' notes are also discoverable if they contain a written statement signed, adopted or approved by the government witness. 18 U.S.C. § 3500(e)(1); *United States v. Jackson,* 850 F.Supp. 1481, 1508 (D.Kan.1994); *Mincoff*, 574 F.3d at 1200. A statement within a report is adopted by the witness if the interview notes are read back to and verified, approved, or acknowledged as true by the witness and the report summarizes the notes without material variation. *United States v. Carroll,* 26 F.3d 1380, 1391 (6th Cir. 1994) (quoting *United States v. Williams*, 962 F.2d 1218, 1224 (6th Cir. 1992); United *States v. Price*, 542 F.3d 617, 621 (8th Cir. 2008). In short, the witness must have read the entire statement and formally approved it. *United States v. Jackson*, 978 F.2d 903, 909 (5th Cir. 1992). "[T]he reasoning behind the rule is that it would be grossly unfair to allow the defense to use a statement to impeach a witness which could not fairly be said to be the witness' own rather than a product of the investigator's selections, interpretations, and interpolations." *Carroll*, 26 F.3d at 1391 (quoting *Williams*, 962 F.2d at 1224).

### *The Destruction of Some Agents' Notes is not a Discovery Violation.*

The government has requested that the agents who are involved in the investigation of this case preserve their interview notes. Nevertheless, there may be some circumstances where the agents' rough notes no longer exist because they were

destroyed once a finalized report was generated.  However, the mere possibility that destroyed notes might have contained *Brady* material is insufficient to establish a constitutional violation.  *See, e.g., United States v. Shovea*, 580 F.2d 1382, 1390 (10th Cir. 1978) (approving of the administrative practice of investigators routinely destroying rough notes after the preparation of formal reports).  *See also United States v. Spencer*, 618 F.2d 605, 606-07 (9th Cir. 1980) (retention of all rough notes made during an investigation would impose an enormous and unreasonable administrative burden); *United States v. Martin,* 565 F.2d 362, 363-64 (5th Cir.1978) (holding that *Jencks* Act and *Brady* were not violated where agent's notes were destroyed in good faith and there was no independent showing that they might contain material evidence).  Instead, a defendant must at least make a colorable claim that an investigator's discarded rough notes contained exculpatory evidence not included in any formal interview report provided to the defense.  *United States v. Ramos* 27 F.3d 65, 71 (3d Cir. 1994).

### *The Defendant Has a Burden to Show Materiality.*

The defendant must additionally make a showing of the materiality of the information contained in the rough interview notes in order to obtain production of them. *United States v. Lujan*, 530 F. Supp. 2d 1224 , 1267 (D. New Mexico 2008).  A mere assertion that agents' notes "might" contain impeachment evidence is insufficient to order production of notes.  *United States v. Pisello*, 877 F.2d 762, 768 (9th Cir. 1989); *United States v. Hudson*, 813 F.Supp. 1482, 1490 (D. Kan. 1993) (concluding that agent's rough interview notes need not be produced under *Brady* where defendant failed to show that notes were material).  *See also United States v. Smaldone*, 544 F.2d

456, 460 (10th Cir. 1976) (defendant has burden to show materials qualify as *Jencks* Act statements.)

### *Conclusion*

The government has directed agents working on the case to preserve their rough notes. The government will review these notes and determine whether they contain impeachment information subject to disclosure under *Brady*. Based on the foregoing law, however, the defendant is not entitled to unfettered access to these notes. Unless the notes: (1) contain a substantially verbatim transcription of the witness's statement and were recorded contemporaneously with the interview; or (2) were adopted and approved by the witness, the notes do not constitute *Jencks* Act statements. In addition, until the defendant's shows that the notes are material, they are not discoverable.

Respectfully submitted this 4th day of January, 2010.

DAVID M. GAOUETTE
United States Attorney

s/__Robert E. Mydans_____
Robert E. Mydans
Assistant United States Attorney
1225 17th Street, Suite 700
Denver, CO 80202
Phone: (303) 454-0100
Fax: (303) 454-0402
bob.mydans@usdoj.gov

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify on this 4th day of January, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Jeffrey S. Pagliuca**
Haddon, Morgan & Foreman, P.C.
Email: jpagliuca@hmflaw.com

                                          s/__Deborah Sisung_____
                                          Deborah Sisung
                                          United States Attorney's Office
                                          1225 17th Street, Suite 700
                                          Denver, CO 80202
                                          Phone: (303) 454-0100
                                          Fax: (303) 454-0402
                                          deborah.sisung@usdoj.gov