IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 09-cr-00383-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. ROBERT B. KNOWLTON,

    Defendant.

---

### GOVERNMENT RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE EVIDENCE PURSUANT TO F.R.E. 404(b)

---

    The United States of America, by David M. Gaouette, United States Attorney and Robert E. Mydans, Assistant United States Attorney, files this response to the above-styled motion filed by the defendant.

    The defendant seeks an Order from this Court prohibiting the government from introducing evidence at trial relating to alleged misdemeanor possession of feathers from various birds. The government responds as follows.

    Feathers of various birds were found, seized, and recovered as part of the search at the residence of this defendant. Some were found inside the residence and some were found in his vehicle which was parked on the premises. Some of the feathers in the vehicle were unattached to anything else. Some of the feathers found in the residence were attached to arrows and were, as such, part and parcel of other items seized pursuant to the search warrant. Initially, the defendant advised searching

1

agents that he had feathers in his vehicle. In an abundance of caution, the searching agents obtained a voluntary consent to search the vehicle from the defendant, because the searching agents were concerned that the warrant might not cover vehicles on the premises.

The government has not yet determined if it will seek admission of feathers, whether from the vehicle or the premises, and whether unattached or attached to some other seized item. The defendant has made a request in writing as to whether the government intends to offer feathers as evidence during a trial. (See Docket # 30). As required by Fed.R.Evid. 404(b), the government will provide reasonable notice in advance of trial of any 404(b) evidence it intends to introduce at trial.

Although Rule 404(b) requires the government to "provide reasonable notice in advance of trial," it does not specify a time frame for such disclosure. Trial is presently set to commence February 1, 2010, although there is an pending unopposed motion filed by the government for a continuance, which is set for argument and hearing on Janaury 4, 2010. In determining what constitutes reasonable notice, courts have uniformly held that Rule 404(b) notice within two to three weeks in advance of trial is sufficient. *See, e.g., United States v. Kern*, 12 F.3d 122, 124 (8th Cir. 1993) (notice fourteen days prior to trial is sufficient under FRE 404(b)); *United States v. DiStefano*, 129 F. Supp. 2d 342, 351 (S.D.N.Y. 2001) (ten days notice sufficient); *United States v. Giampa*, 904 F. Supp. 235, 283 (D.N.J. 1995) (two weeks notice sufficient); *United States v. Pelini*, 896 F. Supp. 795, 797 (N.D. Ill. 1995) (ten days sufficient); *United States v. Evangelista*, 813 F. Supp. 294, 302 (D.N.J. 1993) (ten business days prior to

trial sufficient); *United States v. Williams*, 792 F. Supp. 1120, 1133 (S.D. Ind. 1992) (creating general ten-day rule); *United States v. Alex*, 791 F. Supp. 723, 729 (N.D. Ill. 1992) (seven day notice sufficient). Indeed, Rule 404(b) expressly permits the disclosure of notice of prior bad acts evidence even during trial for good cause shown. Furthermore, the purpose of the pretrial notice requirement of Rule 404(b) is "to reduce surprise and promote early resolution on the issue of admissibility." *Williams*, 792 F. Supp. at 1133 (quoting FRE 404(b), Notes of the Committee on the Judiciary, Senate Report No. 93-1277 U.S.Code Cong. & Admin. News 1974 p. 7051). Here, the local discovery order states that the government must provide notice of Rule 404(b) evidence 21 days prior to trial. The government will comply with that order and provide notice of the general nature of any Rule 404(b) evidence by that time.

Under the Federal Rules of Evidence, however, there is no such notice requirement for the admission of evidence that is intrinsic or "inextricably intertwined" with the allegations contained in the Indictment. Such evidence is not subject to the strictures of Rule 404(b); thus, the notice requirement in Rule 404(b) does not apply. *See United States v. Bowie*, 232 F.3d 923, 927 (D.C. Cir. 2000); *United States v. O'Brien*, 131 F.3d 1428, 1432 (10th Cir. 1997).

Likewise, the defendant is not generally entitled to a pretrial hearing to determine the admissibility of Rule 404(b) evidence. *See, e.g., United States v. Ramirez*, 602 F. Supp. 783, 794 (S.D.N.Y. 1985) (defendant's request for pretrial hearing to determine admissibility of alleged prior or subsequent similar act denied; defendant instructed to seek ruling during the course of trial). *See also United States v. Roberts*, 88 F.3d 872,

884 (10th Cir. 1996) (government's use of writ of mandamus to compel pretrial evidentiary ruling on admissibility of (b) evidence was inappropriate; district court did not abuse its discretion in reserving ruling for trial, as its ability to rule necessitated detailed comprehension of both the substance of the testimony concerning the events of the indictment and the Rule 404(b) incidents). Objections to the admissibility of prior bad acts under Rule 404(b) are properly asserted during trial, not at the pretrial stage. *United States v. Blackwell*, 954 F. Supp. 944, 968 (D.N.J. 1997); *United States v. Eisenberg*, 773 F. Supp. 662, 685 ( D.N.J. 1991); *United States v. Vastola*, 670 F. Supp.1244, 1268 (D.N.J. 1987) (it would be "unduly speculative" to rule on the admissibility of " other acts" evidence before hearing the factual context at trial). *See also United States v. Lawless*, 153 F.3d 729, 1998 WL 438662, **4 (10th Cir. July 15, 1998) ("The admissibility of Rule 404(b) evidence will generally be a fact-bound determination, depending to a significant degree on the character of the other evidence admitted at trial, all of which requires a balancing of probative value versus unfair prejudice at trial.") Thus, because any objections that the defendant may have to Rule 404(b) evidence can be dealt with at trial, his opposition prior to that time is premature.

  Accordingly, the government will comply with the law and provide notice of the general nature of any Rule 404(b) evidence it intends to proffer at a reasonable time before trial, but not later than 21 days prior to trial.

     Respectfully submitted this 4th day of January, 2010.

        DAVID M. GAOUETTE
        United States Attorney


        s/__Robert E. Mydans_____
        Robert E. Mydans
        Assistant United States Attorney
        1225 17th Street, Suite 700
        Denver, CO 80202
        Phone: (303) 454-0100
        Fax: (303) 454-0402
        bob.mydans@usdoj.gov

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify on this 4th day of January, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Jeffrey S. Pagliuca**
Haddon, Morgan & Foreman, P.C.
Email: jpagliuca@hmflaw.com

                                           s/__Deborah Sisung_____
                                           Deborah Sisung
                                           United States Attorney's Office
                                           1225 17th Street, Suite 700
                                           Denver, CO 80202
                                           Phone: (303) 454-0100
                                           Fax: (303) 454-0402
                                           deborah.sisung@usdoj.gov