IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 09-cr-00383-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. ROBERT B. KNOWLTON,

    Defendant.

---

GOVERNMENT RESPONSE TO DEFENDANT'S MOTION FOR
DISCLOSURE OF IDENTITY OF CONFIDENTIAL INFORMANTS
AND PRODUCTION OF EVIDENCE

---

    The United States of America, by David M. Gaouette, United States Attorney and Robert E. Mydans, Assistant United States Attorney, files this response to the above-styled motion filed by the defendant.

    The defendant seeks an Order from this Court directing the government to disclose information listed in the motion about any confidential informants utilized in the investigation that resulted in this indictment.

    The government acknowledges it's obligation to provide information concerning the confidential informant that was utilized in this case in an undercover capacity. The informant met with this defendant on July 17, 2008 and again on November 12, 2008 while in an undercover capacity. Both meetings were video/audio recorded and both recordings have been previously supplied to the defendant and counsel. Counsel, in his motion, asks for a variety of information about the informant. This response will

1

address each request in seriatim.

1. The name of the informant is Ted Dan Gardiner. He used no other names during this investigation, although he normally went by just Ted Gardiner.

2. Ted Gardiner has no felony convictions or misdemeanor convictions. He may have one or more minor traffic citations.

3. All payments made to Ted Gardiner have previously been supplied to defense counsel in a separate document. See Attachment A, which was current as of October 13, 2009. Since the document was supplied, Ted Gardiner has done some additional work, none of which was in an undercover capacity, to assist agents in the preparation of discovery and/or other matters. There have been several small additional payments made to Ted Gardiner by both the FBI and BLM. Those additional numbers will be supplied as well as the dates the payments were made. Arrests and/or convictions have no bearing on amounts paid as Ted Gardiner has already been paid for the undercover work. Whether he testifies or not has no bearing on payments. Ted Gardiner agreed to testify. Since he now has a job and will be served with a subpoena if called to testify, he will be paid as a normal witness for those appearances.

4. There are no charges pending against this individual in state or federal court and there never were as a result of this investigation.

5. No additional inducements were made to the informant outside the terms set forth in the informant's Service Agreement (attached here as Attachment C) with the Federal Bureau of Investigation.

6. No additional inducements were made by any agents, or by any attorney representing the informant, outside the terms set forth in the Service Agreement

(Attachment C) with the Federal Bureau of Investigation.

7. No inducements were made to this individual for his cooperation other than the moneys paid and already disclosed.

8. No threats were made to Ted Gardiner or to any family member.

9. The source was documented as not immediately being forthcoming with the case agents concerning the repayment to a rental car agency. This information has previously been made available to defense counsel in discovery.

10. No criminal offenses outside the informant's criminal record, which has been previously made available to defense counsel in discovery.

11. Ted Gardiner has used drugs in the past.

12. Ted Gardiner has abused alcohol in the past. He is currently a social drinker.

13. Ted Gardiner has not undergone psychiatric treatment.

14. Ted Gardiner is not now nor has he ever been on probation, parole, or on any bond status. Case agents are currently unaware of any criminal investigation of the informant by any law enforcement entity. Case agents are also currently unaware that the informant is working as an informant for any law enforcement entity.

15. There is no immunity agreement or letter of immunity. He did execute a Hold Harmless Agreement and that is attached as Attachment B. He also executed a Service Agreement and that is attached as Attachment C. Both have been previously provided to defense counsel.

16. Since there are no charges pending or ever have been, there is no assurance of lenient treatment during sentencing.

Respectfully submitted this 4th day of January, 2010.

                                     DAVID M. GAOUETTE
                                     United States Attorney


                                     s/__Robert E. Mydans_____
                                     Robert E. Mydans
                                     Assistant United States Attorney
                                     1225 17th Street, Suite 700
                                     Denver, CO 80202
                                     Phone: (303) 454-0100
                                     Fax: (303) 454-0402
                                     bob.mydans@usdoj.gov

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify on this 4th day of January, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Jeffrey S. Pagliuca**
Haddon, Morgan & Foreman, P.C.
Email: jpagliuca@hmflaw.com

                                          s/__Deborah Sisung_____
                                          Deborah Sisung
                                          United States Attorney's Office
                                          1225 17th Street, Suite 700
                                          Denver, CO 80202
                                          Phone: (303) 454-0100
                                          Fax: (303) 454-0402
                                          deborah.sisung@usdoj.gov