IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 09-cr-00383-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. ROBERT B. KNOWLTON,

      Defendant.

_____

GOVERNMENT RESPONSE TO DEFENDANT'S MOTION
TO DISMISS THE INDICTMENT
_____

The United States of America, by David M. Gaouette, United States Attorney and Robert E. Mydans, Assistant United States Attorney, files this response to the above-styled motion filed by the defendant.

The defendant seeks dismissal of the indictment and states two reasons in support thereof.  First, the indictment is facially defective for failing to plead essential elements of the offenses charged in Counts One through Four.  Second, the defendant claims there is undisputed evidence that shows, as a matter of law, that the defendant, Robert Knowlton, could not have committed the offenses for which he was indicted in Counts Four and Five of the indictment.

The defendant makes two arguments concerning the essential elements of the crimes charged.  First, he argues that in Counts One through Four, the indictment fails to include the required *mens rea* that the defendant, Robert Knowlton, knew that the

1

artifacts he sold the informant were illegally removed from public lands.  Second, he argues that the indictment fails to specify the federal law allegedly violated by the original removal of the artifacts.  The government takes the position and will argue through this response and before the court that the indictment is sufficient and that dismissal is not warranted.

Rule 12 of the Federal Rules of Criminal Procedure requires a defendant to bring all motions to dismiss defective indictments before trial begins.  *Clanton v. Cooper*, 129 F.3rd 1147, 1155 (10th Cir. 1997).  The defendant has filed such a motion to dismiss. (Docket #34).

The defendant has attacked the sufficiency of the indictment.  Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged. *United States v. Edmonson*, 962 F.2nd 1535, 1541 (10th Cir. 1992).  An indictment need only contain those facts and elements of the alleged offense necessary to inform the accused of the charge so that he may prepare a defense in the present case and invoke the Double Jeopardy Clause in future prosecutions based upon the same conduct.  *United States v. Kovach*, 208 F.3d 1215, 1219 (10th Cir. 2000) (indictment sufficient despite not parroting component parts of the statutory definition because the defendant was fairly informed of the charge); *United States v. Todd*, 446 F.3d 1062, 1067-68 (10th Cir. 2006) (dismissal of the indictment on grounds of insufficient factual support for charge was improper because the sufficiency is tested solely on the basis of allegations on the face of the indictment).   An indictment is not sufficient if it fails to

state a material element of the offense.  *United States v. Prentiss*, 256 F.3d 971, 980 (10th Cir. 2001) (indictment insufficient because it failed to allege Indian status of the defendant and victim, both essential elements of the crime).  Indictments are generally construed liberally in favor of sufficiency.  *United States v. Ambort*, 405 F.3d 1109, 1116 (10th Cir. 2005).  In determining whether an indictment sufficiently informs the defendant of the offense charged, court give the indictment a common-sense construction and generally will uphold an indictment even if it contains a technical error or omission.  *United States v. Bass*, 411 F.3rd 1198, 1202 (10th Cir.2005) (indictment that charged possession of child pornography sufficiently informed the defendant of the offense charged because the indictment was sufficiently reviewed "on practical rather than technical considerations").  Although an indictment that tracks the statutory language defining an offense is usually sufficient, mere recitation of statutory language is acceptable only if all elements of the crime charged are included.  *United States v. Mobile Materials*, 871 F.2d 902, 910 (10th Cir.) (per curiam) (indictment charging a conspiracy in restraint of trade sufficient because it tracked the statutory language of the Sherman Act and described the conspiracy in detail).  *United States v. Hathaway*, 318 F.3d 1001, 1009 -10 (10th Cir. 2003) ( indictment charging assault was insufficient despite tracking the statutory language because of the failure to differentiate between felony and misdemeanor assault).

The defendant may move, but has not in this case, to supplement an incomplete indictment with a bill of particulars that more fully discloses the nature of the charges against the defendant.  *United States v. Wilks*, 629 F.2d 669, 672 (10th Cir. 1980).  A bill

of particulars, however, will not cure an indictment that omits an essential element of the offense.  Substantial discovery has been previously made in this case and a request for a bill of particulars would likely yield nothing additional.

Title 16, United States Code, Section 470ee(b) provides that "no person may sell, purchase, exchange, transport, receive, or offer to see, purchase or exchange any archaeological resource if such resource was excavated or removed from public lands or Indian lands in violation of ..... (2) any provision, rule, regulation, ordinance, or permit in effect under any other provision of Federal law."

Title 16, United States Code, Section 470ee(d) provides that " any person who knowingly violates, or counsels, procures, solicits or employs any other person to violate any prohibition contained in subsection (a), (b), or (c) of this section shall, upon conviction, be........"

Counts One through Three of the indictment charge that "on or about July 17, 2008, in the States and District of Colorado, ROBERT B. KNOWLTON, the defendant herein, did knowingly sell and offer to sell and archaeological resource, to wit:........., which was removed from public lands in violation of Federal law, which resource was valued in excess of $500.00."

A review of the 9th Circuit Pattern Jury Instruction (Attachment A) demonstrates two essential elements.  Those elements were plead in Counts One through Four of the indictment.  Section 470ee(d) is a sentencing subsection, which indicates that "any person who knowingly violates..." is guilty and sentenced to......"  The required mental state or *mens rea* is included in the charged counts.  The value of the archaeological resource is also in the charged counts, which makes it a felony upon conviction.  Lastly,

the instruction states that "the government is not required to prove that the defendant knew that the archaeological resource had been removed from public lands." *See United States v. Lynch*, 233 F.3d 1139, 1145-46 (9th Cir. 2000). *See also, United States v. Quarrell*, 310 F.3d 664 (10th Cir. 2002).

The defendant principally relies on a district court opinion from the District of New Mexico, which the government submits is not the law in this circuit or controlling in this case. *See United States v. Robert V. Gallegos*, 07-cr-1166 MCA (Memorandum Opinion and Order).

The definition of archaeological resource is found at 16 United States Code, Section 470bb(1). While the second element generally indicates that the archaeological resource had been removed from [e.g., state the name of the public lands] without a permit from [ e.g., the name of the person issuing a permit].

The defendant also complains that the indictment does not specifically state what other provision of law the defendant violated by his conduct. The lack of that specific information in the indictment is not a fatal pleading error. The essential element has been plead and the government is not required to explain its theory of the case in an indictment. *See United States v. Shareef*, 190 F.3d 71, 75-76 (2nd Cir. 1999) (Indictment sufficient is a Hobbs Act case, even though it did not specify exact nature of the effect on interstate commerce that the government intended to prove at trial).

Discovery has been provided which demonstrates where the government will prove and by what means, the particular archaeological resource was found. Discovery has also been provided which demonstrates that no permit was ever obtained by this

defendant for the purpose of collecting or excavating archaeological resources.

Counts One through Four of the indictment are not lacking in pleading essential elements and the motion to dismiss those counts is without merit and should be denied by the court.

The defendant lastly argues that the indictment must be dismissed because there is "undisputed evidence" that the defendant could not have committed the offense in Counts Four and Five as a matter of law. Basically, the defendant argues that the mailing of the artifacts which were sold by the defendant to the informant, were mailed interstate from Colorado to Utah by the defendant at the request of the informant. As a result, the mailing was incidental to the sale and was created or manufactured by the government.

Generally, courts will not sustain a defendant's challenge to a facially valid indictment on grounds of insufficient evidence. *See United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006) (validity of indictment not affected by an alleged insufficiency of evidence because indictment contained sufficient allegations to establish violation of charged offense).

The government will concede that the subject of mailing the artifacts was brought up by the informant. The government will further concede that the act of mailing the artifacts from Colorado to Utah by the defendant did create facts sufficient to support the charge in Count Five. As to Count Four, it does not matter whether or not the artifacts were mailed. It would be a viable violation of 470ee(b)(2) for the informant to carry the items or to have them mailed by the defendant. While the defendant believes that the government alone created the facts to support the charge, there are

6

investigative reasons for mailing the artifacts.  Since the government was using an

informant to meet undercover and buy artifacts undercover, it is apparent that at a trial,

the informant would have his credibility attacked in all possible ways. One such way that

could reasonably be anticipated is that the informant somehow manipulated the

evidence while it was under his sole care, custody, and control and not being captured

on video.  Informants are routinely made believable for jury's by corroborating evidence.

The mailing in this case created a chain of custody that is complete and airtight and

takes out of the chain, the ability of the defendant to somehow be accused of

manipulating the evidence.  It was packaged by the defendant, taken to the post office

by the defendant, mailed by the defendant, and received by the informant is a sealed,

unopened condition.  U.S. Postal Service records support and confirm that.  Such

records have been previously supplied to defense counsel.  The mailing of the artifacts

never allowed the informant access to the artifacts from the time he left the defendant's

residence in Fort Collins on July 17, 2008 until he produced the box in it's sealed

condition to the FBI in Salt lake City.  The box was then opened in the presence of the

informant, an FBI Special Agent and a FBI photographer.  The chain of custody is not

only complete, but leaves little to cross-examine the informant about.  The mailing also

prevented items from being broken or damaged while in transit from Colorado to Utah ,

if taken on the plane or checked in luggage.  So, while the informant brought up the

subject of mailing and would indicate that he was instructed to ask that the items be

mailed, there is good reason beyond the allegation that it does nothing more than

create another potential charge.    Because of the use of the informant in this case, the

mailing hardly became incidental.

7

A review of the undercover purchases in this overall investigation indicates that in approximately ten (10) instances, artifacts purchased by the informant were mailed to the informant by the person selling the artifacts.  Undersigned counsel was advised that this was the general procedure where the informant traveled by plane. Each package was then picked up by the informant, delivered in a sealed condition by the informant to the FBI, where it was opened in the presence of a special agent and photographed.  If the informant bought artifacts and did not fly, he routinely turned the items over the special agent immediately after the meeting.

WHEREFORE, for the foregoing reasons, the Motion to Dismiss the Indictment should be denied.


Respectfully submitted this 4th  day of January,  2010.

DAVID M. GAOUETTE
United States Attorney


s/__Robert E. Mydans_____
Robert E. Mydans
Assistant United States Attorney
1225 17th Street, Suite 700
Denver, CO 80202
Phone: (303) 454-0100
Fax: (303) 454-0402
bob.mydans@usdoj.gov

_____

8

## <u>CERTIFICATE OF SERVICE</u> (CM/ECF)

I hereby certify on this 4th day of January, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Jeffrey S. Pagliuca**
Haddon, Morgan & Foreman, P.C.
Email: jpagliuca@hmflaw.com

s/__Deborah Sisung_____
Deborah Sisung
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
Phone: (303) 454-0100
Fax: (303) 454-0402
deborah.sisung@usdoj.gov