IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 09-cr-00383-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. ROBERT B. KNOWLTON,

    Defendant.

___

GOVERNMENT RESPONSE TO DEFENDANT'S MOTION
TO DISMISS COUNTS ONE THROUGH FOUR
OF THE INDICTMENT

___

    The United States of America, by David M. Gaouette, United States Attorney and Robert E. Mydans, Assistant United States Attorney, files this response to the above-styled motion filed by the defendant.

    The defendant moves as outlined in his motion to dismiss Counts One through Four of the Indictment, because it is unconstitutional as applied. The defendant recognizes that Title 16, U.S.C. Section 470ee(b)(2) criminalizes the trafficking in archaeological resources, but claims that the "knowing" *mens rea* element is in Section 470ee(d).

    The defendant was charged in Section 470ee(b)(2), which includes the elements of the crime. Section 470ee(d) is basically a sentencing provision. It does use the word "knowingly", but that word is included in Counts One through Four of the indictment. So, if the argument is that the word knowingly is in Section 470ee(d), and not is the

charged conduct in Counts One through Four, that argument must fail.

The defendant's motion to dismiss argues that the Indictment does not claim that the defendant knew the resources sold were removed illegally from public lands. The indictment does not have to so allege and the government does not have to so prove. The Ninth Circuit pattern instruction for a violation of Title 16, U.S.C. §470ee(b)(2) indicates at the end of the elemental instruction that "the government is not required to prove that the defendant knew that the [*archaeological resource*] had been removed from public land. Under the *comment* section of the instruction, it says "Knowledge that the archaeological resource was on government land is not an element of the offense. *Cf. United States v. Howey*, 427 F.2d 1017 (9th Cir. 1970)." That instruction is attached as Attachment A.

The defendant's motion goes on the state that "The Statute, as applied in this case, fails to provide fair warning that a collector of artifacts can be subjected to criminal charges for merely selling archaeological resources even through the collector has no knowledge as to the location from which the resources were removed or whether they were removed illegally." That element and the language that would answer that question and provide notice is both included in the statutory language of the statute and in the indictment. Section 470ee(b)(2) clearly states that "[n]o person may sell, purchase, exchange, transport, receive, or offer to sell, purchase, or exchange any archaeological resource if such resource was excavated or removed from public lands or Indian lands in violation of ... any provision, rule, regulation, ordinance, or permit in effect under any other provision of Federal law." The indictment clearly

advises the defendant that he (1) did knowingly sell and offer to sell, (2) an archaeological resource, (3) which was removed from public land, (4) in violation of federal law, and (5) which resource was valued in excess of $500.00. All the elements of the crime have been plead and the $500.00 threshold value makes it a felony.

The indictment alleged all material elements of an ARPA violation against Robert Knowlton in Counts One through Four. Courts determine the sufficiency of an indictment by "practical rather than technical considerations". United States v. Dahlman, 13 F.3d 1391, 1400 (10th Cir. 1993). An indictment is sufficient "if it contains the elements of the offense charged, putting the defendant on fair notice of the charge against which he must defend, and if it enables a defendant to assert an acquittal or conviction in order to prevent being placed in jeopardy twice for the same offense." United States v. Staggs, 881 F.2d 1527, 1530 (10th Cir. 1989). The United States does not have to explain its theory of the case in an indictment. *See e.g.,* United States v. Shareef, 190 F.3d 71, 75-76 (2nd Cir. 1999) (Indictment sufficient in a Hobbs Act case, even though it did not specify exact nature of the effect on interstate commerce that the government intended to prove at trial).

Acts of Congress are presumed to be valid. United States v. Agnew, 931 F.2d 1397, 1404 (10th Cir.), cert. denied, 502 U.S. 884 (1991). "Statutes are not to be automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within the language." Id. (quoting United States v. National Dairy Products, 372 U.S. 29, 32, 83 S. Ct. 594, 597, 9 L.Ed.2d 561 (1963). As noted by the Supreme Court in Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 340, 72 S. Ct. 329, 330, 96 L.Ed. 367 (1952), and reiterated by the Tenth Circuit in

Agnew, "most statutes must deal with the untold and unforeseen variations on factual situations and the practical necessities of discharging the business of government inevitably limit the specificity with which legislatures can spell out prohibitions."

The void-for-vagueness doctrine requires that a penal statute define a criminal offense "with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357, 103 S. Ct. 1855, 1858, 75 L.Ed.2d 903 (1983). In order to prevail in a challenge that a penal statute is unconstitutional vague on its face, however, the complainant must demonstrate that the statute is vague in all of its applications. Village of Hoffman Estates v. Flipside, 455 U.S. 489, 497, 102 S. Ct. 1186, 1193, 71 L.Ed.2d 362 (1982). Thus, the complainant must prove that the statute is vague "'not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.' [Citation omitted]. Such a provision simply has no core." Flipside, 455 U.S. at 495 n.7 (quoting Smith v. Goguen, 415 U.S. 566, 578, 94 S. Ct. 1242, 1249, 39 L.Ed.2d 605 (1974)). Vagueness challenges to statutes not implicating First Amendment interests must be examined "in light of the facts of the case at hand," and the statute is judged on an as-applied basis. Maynard v. Cartwright, 486 U.S. 356, 108 S. Ct. 1853, 1857-58 (1988).

It is axiomatic that "[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness." Flipside, 455 U.S. at 495 n.7. Furthermore, the Supreme Court has recognized that a scienter requirement may mitigate a law's vagueness, especially as to the adequacy of notice to the complainant that his conduct

4

is proscribed.  Id. at 499; United States v. Gaudreau, 860 F.2d 357, 363 (10th Cir. 1988).

The degree of vagueness depends in part on the nature of the enactment.  Id. at 498.  For example, the Supreme Court has held that an economic regulation is subject to a less strict vagueness test "because its subject matter is often more narrow, and because businesses, which face economic demands to plan behavior carefully, can be expected to consult relevant legislation in advance of action."  Id.  The Supreme Court's rationale for this interpretation is that the regulated enterprise may be able to clarify the meaning of the regulation by its own inquiry, or by resort to an administrative process.  Id.

Section 470ee(b)(2) provides that it is a crime to purchase an archeological resource if the resource was excavated or removed from public land in violation of "any other provision of Federal law".  Congress enacted the Antiquities Act (16 U.S.C. §§ 431-433 ) in 1906.  The Act provides in relevant part:

> ...[A]ny person who shall appropriate, excavate, injure, or destroy any historic or prehistoric ruin or monument, or any object of antiquity, situated on lands owned or controlled by the Government of the United States, without the Permission of the Secretary of the Department of the Government having jurisdiction over the lands on which said antiquities are situated, shall upon conviction, be fined in a sum of not more than five hundred dollars or be imprisoned for a period of not more than ninety days, or shall suffer both fine and imprisonment, in the discretion of the court.

Although Congress did not enact ARPA until October 31, 1979, it has been illegal, under the Antiquities Act, to take antiquities from public land since 1906.  If an archaeological resource was unlawfully taken prior to the enactment of ARPA, such as

under the Antiquities Act (16 U.S.C. §§ 431-433), it is unlawful to buy or sell it after the enactment of ARPA.  The only safe harbor under ARPA is provided to those persons who lawfully possessed an object of antiquity or archeological resource prior to the enactment of ARPA.  Lawful possession, in essence,  means an archeological resource or object of antiquity located on private land, removed by the land owner.

ARPA enhances the prohibitions of the Antiquities Act and embraces, as a violation, not just the removal or excavation of antiquities from public lands, but also the sale, exchange, transport or purchase of such artifacts.  The purpose of both the Antiquities Act and ARPA is to preserve and protect our Nation's history - and to provide future generations with a demonstrable and vibrant window on their Country's past.  ARPA is designed to prevent the merchandising of archeological resources which are a part of this history.  When Congress enacted ARPA, it did not intend to allow an illegally taken object of antiquity to be purchased with impunity at some later date.

The United States must prove that the three items listed in Counts One through Four at issue in this case were removed from public lands in violation of any provision, rule, regulation, ordinance, or permit in effect under any other provision of Federal law. §16 U.S.C.  470ee(b)(2).  However, the United States does not have to prove at trial that the Defendant, Robert Knowlton, knew that the artifacts he purchased were taken from public land.  United States v. Quarrell, 310 F.3d 664 (10th Cir. 2002).

The mens rea for an ARPA violation is set forth in 16 U.S.C. §470ee (d):

> Any person who knowingly violates, or counsels, procures, solicits, or employs any other person to violate, any prohibition contained in subsection (a),(b), or (c)
> of this section shall, upon conviction, be fined... or imprisoned... or both.

Mr. Knowlton is charged with four counts of violating Section 470ee(b)(2) of ARPA. Thus the United States must prove that Mr. Knowlton sold, purchased, exchanged, transported, received or offered to sell purchase , or exchange any archeological resource " if such resource was excavated or removed from public lands" without a permit.

The Tenth Circuit, in <u>Quarrells,</u> held "the knowledge requirement of ARPA does not extend to the 'located on public lands or Indian lands" element of the statute. <u>Quarrells</u>, 310 F.3d at 674.  Rather, the Circuit reasoned the fact that an archeological resource was excavated or taken from public land "is best described as a jurisdictional element".  <u>Id.</u>   The Circuit further determined that it did not require the government to prove the defendant's knowledge of jurisdictional elements relying on <u>United States v. Feola</u>, 420 U.S. 671 (1975) and  its line of precedent.  <u>Id.</u> at 673-74 *and citing* <u>United States v. Speir</u>, 564 F.2d 934 (10th Cir. 1977); <u>United States v. Montoya</u>, 716 F.2d 1340 (10th Cir. 1983); <u>United States v. Newson</u>, 531 F.2d 979, 982 (10th Cir. 1976); <u>United States v. Balano</u>, 618 F.2d 624, 630 (10th Cir. 1979).

The knowledge requirement does apply to the "archeological resources" element.  <u>United States v. Lynch</u>, 233 F.3d 1139, 1144 (9th Cir. 2000). Additionally, in <u>United States v. Tidwell</u>, 191 F.3d 976 (9th Cir. 1999), the Court reasoned that the government could prove that the defendant knew he had purchased or sold an archeological resource through expert archeological testimony and evidence that the Pueblo of Acoma owned a set of priest's robes. The Court found that this proof was sufficient to permit a rational jury to conclude that the defendant violated ARPA by buying the robes.  <u>Id.</u>

The Quarrell case arose in New Mexico. Officers arrested James Quarrell, his brother Michael Quarrell, and a cousin Aaron Sera for vandalizing an archaeological site in the Gila National Forest in southern New Mexico. Quarrell, 310 F.3d at 669. The United States filed a motion to preclude the Quarrells from putting on evidence and arguing as a defense that they did not know they were digging for pots and excavating on public land. Id. The district court ruled that the government was not required to prove the Quarrells knew they were excavating on public land and granted the government's motion. Id.

The Ninth Circuit in United States v. Diaz, 499 F.2d 113 (9th Cir. 1974) was faced with an unusual argument and set of facts. The United States indicted defendant Diaz for a violation of the Antiquities Act. The antiquities Diaz took from the San Carlos Indian reservation were masks of religious significance which were only 3 to 4 years old at the time they were appropriated. Diaz, 449 F.2d at 114. Thus, the "antiquities" were modern sacred objects. The United States relied on testimony from a professor of anthropology that " in anthropological terms 'object of antiquity' could include something that was made just yesterday if related to religious or social traditions of long standing." Id. The United States effort to place a modern and contemporaneous religious object into the mold of an "object of antiquity" under the Antiquities Act failed. The Ninth Circuit held under these facts:

> Here there was no notice whatsoever given by the statute that the word "antiquity" can have reference not only to the age of an object but also to the use for which the object was made and to which it was put, subjects not likely to be of common knowledge.

Id. at 449 F.2d 115.

Five years later the Tenth Circuit was asked to declare the Antiquities Act unconstitutional because it was "vague and uncertain". <u>United States v. Smyer</u>, 596 F.2d 939, 941 (10th Cir. 1979).  The defendants in <u>Smyer</u> excavated Mimbres pots that were 800-900 years old from prehistoric sites located in the Gila Wilderness. The Court explained that "[i]n assessing vagueness, a statute must be considered in the light of the conduct with which the defendant is charged."  <u>Id.</u> , 596 F.2d at 941.  The Court held:

> The Antiquities Act gives a person of ordinary intelligence a reasonable opportunity to know that excavating prehistoric Indian burial grounds and appropriating 800-900 year old artifacts is prohibited.

<u>Id.</u>
The conduct at issue in this case is no different than that examined by the Tenth Circuit in <u>Smyer</u>.  The removal of 300 - 500 year old pots resting in secluded caves or holes located in the heart of the ancient Navajo homelands is no different from the conduct scrutinized in <u>Smyer</u>.  *See also* <u>Klien v. Unidentified Wrecked and Abandoned Sailing Vessel</u>, 758 F.2d 1511, 1516, n.2 (11th Cir. 1985 )( A 240 year old vessel clearly an "antiquity" and similar to the pots in <u>Smyer</u>; <u>Diaz</u> is distinguishable because the "antiquities" in question were only three to four years old).   The Antiquities Act is not unconstitutionally vague in light of the conduct involved in this case.

In this case, the three items sold and the subject of Counts One through Four are all archaeological resources in terms of age

Respectfully submitted this 4th  day of January,  2010.

DAVID M. GAOUETTE

United States Attorney

s/__Robert E. Mydans_____
Robert E. Mydans
Assistant United States Attorney
1225 17th Street, Suite 700
Denver, CO 80202
Phone: (303) 454-0100
Fax: (303) 454-0402
bob.mydans@usdoj.gov

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify on this 4th day of January, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Jeffrey S. Pagliuca**
Haddon, Morgan & Foreman, P.C.
Email: jpagliuca@hmflaw.com


    s/__Deborah Sisung_____
    Deborah Sisung
    United States Attorney's Office
    1225 17th Street, Suite 700
    Denver, CO 80202
    Phone: (303) 454-0100
    Fax: (303) 454-0402
    deborah.sisung@usdoj.gov